# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 29, 2013

Lyle W. Cayce
Clerk

No. 11-50128
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2926-7

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Johnny Hernandez was convicted by a jury of conspiracy to possess with intent to distribute five kilograms or more of cocaine; possession with intent to distribute five kilograms or more of cocaine; and conspiracy to import five kilograms or more of cocaine. He was sentenced in accordance with the sentencing enhancement provision of 21 U.S.C. § 851 to a total of 240 months of imprisonment and 10 years of supervised release. Hernandez contends that the district court plainly erred in denying his pretrial motion to suppress the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 11-50128     Document: 00512191527     Page: 2     Date Filed: 03/29/2013

evidence. Although he acknowledges that there was probable cause to stop and search the tractor-trailer he was driving, Hernandez contends that probable cause dissipated once the officers unsuccessfully searched the truck for at least three hours. He argues that because the probable cause dissipated after the unsuccessful search, the officers did not have probable cause to seize the truck and remove it to another location for a continued two-day search.

In reviewing a district court's denial of a motion to suppress, we consider questions of law de novo and will reverse factual findings only if they are clearly erroneous. *United States v. Raney*, 633 F.3d 385, 389 (5th Cir. 2011). However, as the Government argues, Hernandez did not raise his probable cause argument in his motion to suppress before the district court. Thus, we review his argument for plain error. *See United States v. Scroggins*, 599 F.3d 433, 448-49 (5th Cir. 2010). To demonstrate plain error, Hernandez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Hernandez makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Hernandez provided written consent for the officers to search the tractor-trailer and does not dispute that the officers had probable cause to conduct the initial search. Officers used a canine unit during the search, and a dog alerted to the outside driver's side and inside the cab of the tractor-trailer. At the suppression hearing, Case Agent Ellen Thompson, a detective with the El Paso County Sheriff's Office and a sworn task force officer with the Drug Enforcement Administration, explained that the tractor-trailer was moved to another location so that it could be x-rayed and searched by someone more qualified in finding hidden compartments in tractor-trailers. This decision by the officers was not unreasonable given the fact that narcotics transported in tractor-trailers are often hidden in secret compartments. *See United States v. Gourley*, 168 F.3d 165, 167-68 (5th Cir. 1999). Further, the fact that it took two days for the

officers to conduct the more thorough search does not make the warrantless search of the truck less justified. *See United States v. Johns*, 469 U.S. 478, 486-87 (1985); *United States v. Moody*, 564 F.3d 754, 761 (5th Cir. 2009). While police may not "disregard facts tending to dissipate probable cause," *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988), Hernandez does not cite case law suggesting that an unsuccessful three- to four-hour search would itself dissipate existing probable cause. *Cf. United States v. Bowling*, 900 F.2d 926, 934 (6th Cir. 1990) (whether an initial unsuccessful consent search dissipates probable cause depends on the scope and intricacy compared to the subsequent search). Further, we have held that a warrant is not required to seize a vehicle on a public street when "the police have probable cause to believe that the car contains evidence of crime." *United States v. Cooper*, 949 F.2d 737, 747 (5th Cir. 1991). Here, there is sufficient evidence, including the wiretap investigation, Hernandez and his passenger's answers to police questions, and the two dog alerts, to find that the officers had probable cause to believe that the tractor-trailer contained contraband.

Accordingly, the district court did not commit error, plain or otherwise, in denying Hernandez's motion to suppress the evidence. *See Scroggins,* 599 F.3d at 449; *Puckett*, 556 U.S. at 135. We therefore need not address Hernandez's alternative argument that the search of the tractor-trailer exceeded the scope of his consent to search. *See United States v. Banuelos-Romero*, 597 F.3d 763, 767 (5th Cir. 2010) (stating that "if probable cause existed [to search the vehicle], [then] Appellant's consent was not required for [the officer] to search"); *see also United States v. Mata*, 517 F.3d 279, 284 (5th Cir. 2008) (noting that we can affirm the district court's decision regarding a motion to suppress on any basis in the record).

Pursuant to the penalty provision in 21 U.S.C. § 841(b)(1)(A) and the procedure set forth in § 851, the mandatory minimum sentence increases from 10 years to 20 years if the defendant has at least one prior felony drug

conviction. Hernandez argues that this violates the principle announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), because the prior conviction does not have to be alleged in the indictment and proven beyond a reasonable doubt. However, he concedes that his argument is foreclosed by *Almendarez-Torres v. United States,* 523 U.S. 224, 243-47 (1998), and he raises the issue solely to preserve for further review.

Accordingly, the judgment of the district court is AFFIRMED.